Opinion filed August 31,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00382-CR

                                                    __________

 

                         LORENZO
MIGUEL JENNINGS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee

 



                                   On
Appeal from the 385th District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR37630

 

 



                                            M
E M O R A N D U M   O P I N I O N

            The
jury convicted Lorenzo Miguel Jennings of burglary of a habitation and
assessed  his punishment at confinement in the Institutional Division of the
Texas Department of Criminal Justice for a term of sixty years.  Appellant
challenges his conviction in two issues.    We affirm.

Background
Facts

Appellant
was charged by indictment with entering the habitation of Cindy Lyon without
her consent with the intent to commit the offense of assault directed against
Heidi Johnson.  Johnson testified that, on the evening of June 23, 2010, she
worked until 11:00 p.m.    After picking up her two young children, she arrived
at The Fountains Apartments at approximately 11:30 p.m.  She encountered
appellant in the parking lot area below her upstairs apartment.  Johnson
testified that appellant was her husband and the father of her daughter.  Appellant
wanted to go upstairs with Johnson, but she refused.  An argument ensued
between appellant and Johnson that escalated into appellant striking Johnson in
the mouth, causing her to bleed.

Johnson
attempted to escape from appellant by running, along with her children, into
the open apartment door of Lyon, her downstairs neighbor.  At the time the
incident occurred, Lyon was outside her apartment smoking a cigarette with the
front door of her apartment open.  She observed the encounter between appellant
and Johnson outside her apartment.  She testified that appellant was very
aggressive and extremely upset toward Johnson.  After Johnson and her children
ran inside the apartment, Lyon attempted to shut the door of her apartment to
keep appellant from following them inside.  However, Lyon was unable to prevent
appellant from entering the apartment as he pushed his way inside.  Lyon
testified that appellant pushed her twenty to twenty-five feet into the
apartment as he continued his pursuit of Johnson.  Appellant subsequently
reached over Lyon to grab Johnson at which time he hit Johnson in the mouth.

Lyon’s
eighteen-year-old son, Jacob, overheard the commotion from his bedroom in
Lyon’s apartment.  He confronted appellant by telling him to leave Lyon’s
apartment.  After appellant reluctantly left the apartment, Jacob went outside
to retrieve Johnson’s purse and keys.  As Jacob leaned over to pick up the
purse, appellant struck him in the eye, knocking him unconscious.

Sufficiency
of the Evidence

In his first issue, appellant challenges the legal sufficiency of the evidence
supporting his conviction.  To determine if the evidence is legally sufficient,
we must review all of the evidence in the light most favorable to the verdict
and determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.   Jackson v. Virginia,
443 U.S. 307, 319 (1979); Brooks v. State, 323 S.W.3d 893, 899 (Tex. Crim.
App. 2010); Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); Jackson
v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000).  In conducting a legal
sufficiency review, we are required to defer to the jury’s role as the sole
judge of witness credibility and the weight their testimony is to be afforded.  Brooks,
323 S.W.3d at 899.  This standard accounts for the factfinder’s duty to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.  Jackson v. Virginia, 443
U.S. at 319; Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).
 When the record supports conflicting inferences, we presume that the
factfinder resolved the conflicts in favor of the prosecution and, therefore,
defer to that determination.  Jackson v. Virginia, 443 U.S. at 326; Clayton,
235 S.W.3d at 778.  Each fact need not point directly and independently to the
guilt of the appellant, as long as the cumulative force of all the
incriminating circumstances is sufficient to support the conviction.  Hooper,
214 S.W.3d at 13.

Appellant directs his challenge to the sufficiency of the evidence
to the element of intent.  He contends that the evidence only established that
he wanted to talk to Johnson at the time he entered Lyon’s apartment.  We
disagree.  For purposes of this appeal, a person commits burglary if,
without the effective consent of the owner, he enters a habitation with an
intent to commit an assault.  Tex. Penal
Code Ann. § 30.02(a)(1) (West 2011).  Intent to commit a felony, theft,
or an assault must exist at the moment of entry or there is no offense under
Section 30.02(a)(1).  See DeVaughn v. State, 749 S.W.2d 62, 65
(Tex. Crim. App. 1988).  Mental culpability generally must be inferred from the
circumstances under which a prohibited act or omission occurs.  Smith v.
State, 965 S.W.2d 509, 518 (Tex. Crim. App. 1998).  A jury may infer intent
from any facts that tend to prove its existence, including the acts, words, and
conduct of the accused and the method of committing the crime.  Hart v.
State, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002).

The
evidence shows that appellant assaulted Johnson prior to her entry into Lyon’s
apartment.  She sought refuge inside the apartment to escape his attack.  After
ignoring Lyon’s objection, appellant pushed her back and struck Johnson again. 
A rational trier of fact could have found beyond a reasonable doubt that
appellant entered Lyon’s apartment with the intent to commit an assault upon
Johnson.  Appellant’s first issue is overruled.

Extraneous
Offense

Appellant
argues in his second issue that the trial court erred in admitting evidence of
appellant’s subsequent assault upon Jacob because it constituted an
inadmissible extraneous offense.  The State contends that the evidence was
properly admitted as same-transaction contextual evidence.

Under Tex. R. Evid. 404(b), evidence of
other crimes, wrongs, or acts is not admissible to prove the character of a
person in order to show action in conformity therewith.  However, it may be
admissible for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident.  De
La Paz v. State, 279 S.W.3d 336, 342–43 (Tex. Crim. App. 2009).  The rule
excludes only that evidence that is offered solely for the purpose of proving
bad character and conduct in conformity with that character. Id. at 343.
 Whether extraneous offense evidence has relevance apart from character
conformity, as required by Rule 404(b), is a question for the trial court.  Id.
at 343–44.  We review a trial court’s ruling on the admissibility of extraneous
offenses under an abuse of discretion standard.  Id.  As long as the
trial court’s ruling is within the “zone of reasonable disagreement,” it will
be upheld.  Id.

            An exception to Rule 404(b) exists in that
extraneous offenses may be admissible as same-transaction contextual evidence
when several crimes are intermixed, or blended with one another, or connected
so that they form an indivisible criminal transaction.  Prible v. State,
175 S.W.3d 724, 731–32 (Tex. Crim. App. 2005).  This type of evidence results
when an extraneous matter is so intertwined with the State’s proof of the
charged crime that avoiding reference to it would make the State’s case
difficult to understand or incomplete.  Id. at 732.  Same-transaction
contextual evidence is admissible to show the context in which the criminal act
occurred. Wesbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000).  “[E]vents
do not occur in a vacuum, and the jury has a right to hear what occurred
immediately prior to and subsequent to the commission of that act so that it
may realistically evaluate the evidence.”  Id.

            The
trial court did not abuse its discretion in admitting evidence of the
subsequent assault upon Jacob.  The testimony indicated that the series of
assaults occurred within a very short time frame.  Additionally, the assault on
Jacob occurred as he was attempting to recover property belonging to Johnson,
thus showing a connection to the previous assaults.  Accordingly, this evidence
was admissible as same-transaction contextual evidence because it provided the
jury with information essential to understanding the context and circumstances
of blended or interwoven events.  See Camacho v. State, 864 S.W.2d 524,
532 (Tex. Crim. App. 1993).  Furthermore, we disagree with appellant’s
assertion that a limiting instruction under Rule 404b was required because the
instruction is not required for same-transaction contextual evidence.  See Castaldo
v. State, 78 S.W.3d 345, 352 (Tex. Crim. App. 2002).  Appellant’s second
issue is overruled.

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

            

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

August 31, 2012

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Hill[1]









[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.